UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Merit Group, Inc., f/k/a | ) | Case No. 11-_____ |
| Lancaster Distributing Company, | ) | |
| f/k/a Lancaster Paint Sundries, Inc., | ) | |
| | ) | |
| _____ Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Merit Transportation, Inc., | ) | Case No. 11-_____ |
| | ) | |
| _____ Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Merit Paint Sundries, LLC d/b/a | ) | Case No. 11-_____ |
| Lancaster, | ) | |
| | ) | |
| _____ Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Merit Supply Company, LLC | ) | Case No. 11-_____ |
| d/b/a Merit Supply, | ) | |
| | ) | |
| _____ Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Merit Pro Finishing Tools, LLC | ) | Case No. 11-_____ |
| d/b/a Merit Trade Source, | ) | |
| | ) | |
| _____ Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Five Star Products, Inc., | ) | Case No. 11-_____ |
| | ) | |
| _____ Debtor. | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Five Star Group, Inc. | ) | Case No. 11-_____ |
| d/b/a Lancaster/Five Star | ) |  |
| d/b/a Rightway, | ) |  |
|  | ) |  |
| _____ Debtor. _____ | ) |  |

## MOTION FOR ORDER DIRECTING JOINT ADMINISTRATION
## OF THE RELATED CHAPTER 11 CASES

The Merit Group, Inc. and its affiliates ("Merit Group" or the "Debtors"), the above-captioned debtors and debtors-in-possession, hereby file this motion (the "Motion") seeking an order, in substantially the form attached hereto as **Exhibit A**, directing the joint administration of the above-captioned Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Rules"). In support of the Motion, the Debtors respectfully represent as follows:

### JURISDICTION AND VENUE

1.      The Court has jurisdiction over the Motion pursuant to 28 U.S.C. § 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

2.      Venue of this proceeding and this Motion are proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicate for the relief sought in the Motion is Rule 1015(b).

### PROCEDURAL HISTORY

4.      On the date hereof (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), thereby commencing the above-captioned bankruptcy cases (the "Chapter 11 Cases").

5.     Since the Petition Date, the Debtors have continued to operate and manage their business as debtors-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.[1]

6.     No statutory committee has yet been appointed in these Chapter 11 cases.

7.     The Debtors have requested that the Court designate these cases as Complex Chapter 11 Cases pursuant to Local Rule 2081-2 and that these Chapter 11 cases be jointly administered.

## BACKGROUND

### A.     Organizational Structure

8.     The Merit Group, Inc.  is a South Carolina corporation headquartered in Spartanburg, South Carolina. The Merit Group, Inc. is the parent company of five wholly-owned subsidiaries. Four of the subsidiaries, including Merit Transportation, Inc., Merit Paint Sundries, LLC d/b/a Lancaster ("Sundries"), Merit Supply Company, LLC d/b/a Merit Supply ("Supply"), and Merit Pro Finishing Tools, LLC d/b/a Merit Trade Source ("Pro Finishing"), are South Carolina corporations or companies.  The remaining wholly-owned subsidiary is Five Star Products, Inc. ("Five Star Products") which has its own wholly-owned subsidiary, Five Star Group, Inc., d/b/a Lancaster/Five Star, d/b/a Rightway ("Five Star Group").  Five Star Products and Five Star Group are both Delaware corporations.

### B.     Overview of Business Operations

9.     As of the Petition Date, Merit Group has approximately 320 employees and serves as one of the leading paint sundries distributors in the United States. It also serves markets in Mexico, the Caribbean Islands, Central America and South America.

---

[1] Further references to the Bankruptcy Code (*i.e.*, 11 U.S.C. § 101 et seq.) will be by section number only.

10.    The Debtors' inventory is supplied by over 750 manufacturers and the Debtors maintain distribution centers in South Carolina, Florida, Kentucky, New Jersey, New York, Texas, California and Utah.    The Debtors' customer base consists of more than 10,000 independent, regional and national paint store chains as well as "big box" retailers, hardware stores, lumber yards, home centers, drywall yards and auto trim shop distributors.

11.    The Debtors' 2010 annual revenues were approximately $200 million.

12.    The Company has approximately 1,160 creditors excluding its current and former employees and approximately $100 million of total debt.

**C.    Events Leading Up to Bankruptcy Filing**

13.    After The Merit Group, Inc. acquired Five Star Products, Inc. in January 2010, the companies spent far more than anticipated for the consolidation of warehouses and the integration of the organizations, which put substantial stress on the Debtors' liquidity.  As a result of these liquidity problems the Debtors have been unable to purchase goods at normal levels and the lower inventory levels have resulted in declining sales, which only exacerbated the liquidity problems.

14.    The Debtors have evaluated numerous strategies for resolution of their liquidity difficulties, including potential financial restructuring, cost containment programs and a sale of the company.  Notwithstanding these efforts, the Debtors have been unable to resolve their liquidity problems to date.  In view of these circumstances, the Debtors have determined that commencement of these Chapter 11 cases is necessary and appropriate at this time to stabilize operations, allow the Debtors to borrow under the proposed debtor in possession loan, purchase inventory and otherwise operate their business.

## RELIEF REQUESTED

15.    In order to optimally administer the Debtors' pending Chapter 11 Cases, by this Motion the Debtors seek entry of an order pursuant to Rule 1015(b) authorizing the joint administration of the Chapter 11 Cases for procedural purposes only.  Specifically, the Debtors request that the Clerk of the Court maintain one file and one docket for all of the jointly-administered cases under the case number assigned to The Merit Group, Inc. and that the Chapter 11 Cases be administered under a consolidated caption (the "Caption") as follows:

UNITED STATES BANKRUPTCY COURT<br>
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Merit Group, Inc., *et al.,* | ) | Case No. 11 - _____ |
| | ) | |
| Debtors.[1] | ) | |
| | ) | (Joint Administration) |
| _____ | ) | |

16.    The Debtors further request that the footnote to the Caption read as follows:

The Debtors and the last four digits of their respective tax identification numbers are: The Merit Group, Inc., f/k/a Lancaster Distributing Company, f/k/a Lancaster Paint Sundries, Inc. (4224); Merit Transportation, Inc. (9048); Merit Paint Sundries, LLC d/b/a Lancaster (8882); Merit Supply Company, LLC d/b/a Merit Supply (5878); Merit Pro Finishing Tools, LLC d/b/a Merit Trade Source (8544); Five Star Products, Inc. (9186); and Five Star Group, Inc., d/b/a Lancaster/Five Star, d/b/a Rightway (3506).

17.    The Debtors also request that an entry be made on the docket of each of the Chapter 11 Cases, other than this case, that is substantially similar to the following:

An order has been entered in accordance with Rule 1015(b) directing joint administration of the Chapter 11 Cases of The Merit Group, Inc.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 11-_____(____).

## BASIS FOR RELIEF REQUESTED

18.    Rule 1015(b) provides, in pertinent part, that "(i)f...two or more petitions are pending in the same court by or against...a debtor and an affiliate, the court may order a joint administration of the estates." FED. R. BANK. P. 1015(b).  The Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code.  Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

19.    Section 105(a) of the Bankruptcy Code also provides the Court with the power to grant the relief requested herein by the Debtors.  Section 105(a) states that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]".  *See* 11 U.S.C. § 105(a).

20.    Given the integrated nature of the Debtors' operations, joint administration of the Chapter 11 Cases will provide significant administrative convenience without harming the substantive rights of any party in interest.  Many of the motions, hearings and orders that will arise in the Chapter 11 Cases will affect each and every Debtor.

21.    The entry of an order directing joint administration of the Chapter 11 Cases will reduce fees and costs resulting from the administration of cases and ease the onerous administrative burden of having to file multiple and duplicative documents in each of the Debtors' assigned cases.

22.    Similarly, the Court will also be relieved of the burden of having to schedule hearings on duplicative motions and enter duplicative orders in each of the Debtors' assigned cases.

## NOTICE

23.    Notice of this Motion has been given to: (1) the Office of the United States Trustee for the District of South Carolina; (2) Regions Bank and its counsel (3) Stonehenge Opportunity Fund II, LP and its counsel, (4) the thirty largest unsecured creditors of the Debtors (on a consolidated basis); (5) those persons who have formally appeared in the Chapter 11 cases and requested service pursuant to Rule 2002; and (6) all applicable government agencies to the extent required by the Rules and Local Rules.  In light of the nature of the relief requested, and given the fact that no official committees have been established in this case, the Debtors respectfully submit, and request that this Court so find, that no further notice of this Motion be required.

WHEREFORE, the Debtors respectfully request that the Court enter an order substantially in the form attached hereto as **Exhibit A** (a) directing the joint administration of the Chapter 11 Cases and (b) granting such other and further relief as the Court deems just and proper.

Dated: May _16_, 2011
       Columbia, South Carolina

                                        McNAIR LAW FIRM, P.A.

                                        /s/ Michael M. Beal
                                        Michael M. Beal (S.C. Dist. Ct. ID# 1253)
                                        Robin C. Stanton (S.C. Dist. Ct. ID# 7438)
                                        Elizabeth (Lisa) J. Philp (S.C. Dist. Ct. ID# 8033)
                                        Michael H. Weaver (S.C. Dist. Ct. ID# 9847)
                                        1221 Main Street, 18th Floor
                                        Post Office Box 11390
                                        Columbia, South Carolina 29211
                                        Tel: (803) 799-9800
                                        Fax: (803) 753-3277
                                        mbeal@mcnair.net
                                        rstanton@mcnair.net
                                        lphilp@mcnair.net
                                        mweaver@mcnair.net

                                        *Proposed Counsel to the Debtors and*
                                        *Debtors-in-Possession*

**EXHIBIT A**

**PROPOSED ORDER**

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF SOUTH CAROLINA

Case Number: 11 - _____

Case Number: 11 - _____

Case Number: 11 - _____

Case Number: 11 - _____

Case Number: 11 - _____

Case Number: 11 - _____

Case Number: 11 - _____

## ORDER DIRECTING JOINT ADMINISTRATION
## OF THE DEBTORS' RELATED CHAPTER 11 CASES

The foregoing motion having been considered, the Court being duly advised in the premises, and good cause appearing therefor; the relief set forth on the following pages, for a total of \_\_\_\_\_ pages including this page,

IS HEREBY ORDERED.

_____

1

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Merit Group, Inc., f/k/a | ) | Case No. 11-_____ |
| Lancaster Distributing Company, | ) | |
| f/k/a Lancaster Paint Sundries, Inc., | ) | |
| | ) | |
| _____ Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Merit Transportation, Inc., | ) | Case No. 11-_____ |
| | ) | |
| _____ Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Merit Paint Sundries, LLC d/b/a | ) | Case No. 11-_____ |
| Lancaster, | ) | |
| | ) | |
| _____ Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Merit Supply Company, LLC | ) | Case No. 11-_____ |
| d/b/a Merit Supply, | ) | |
| | ) | |
| _____ Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Merit Pro Finishing Tools, LLC | ) | Case No. 11-_____ |
| d/b/a Merit Trade Source, | ) | |
| | ) | |
| _____ Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| Five Star Products, Inc., | ) | Case No. 11-_____ |
| | ) | |
| _____ Debtor. | ) | |

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| Five Star Group, Inc. | ) | Case No. 11-_____ |
| d/b/a Lancaster/Five Star | ) |  |
| d/b/a Rightway, | ) |  |
|  | ) |  |
| _____ Debtor. _____ | ) |  |

## ORDER DIRECTING JOINT ADMINISTRATION OF
## THE DEBTORS' RELATED CHAPTER 11 CASES

Upon the motion (the "Motion")[1] of The Merit Group, Inc. and its affiliates ("Merit Group" or the "Debtors"), the above-captioned debtors and debtors-in-possession, seeking entry of an order directing the joint administration of the above-captioned Chapter 11 cases (the "Order"); it appearing that the relief requested herein is in the best interests of the Debtors' estates, their creditors and other parties in interest; and it appearing that the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion and opportunity for a hearing on the Motion was appropriate under the circumstances and that no other or further notice with respect to the Motion need be given; and after due deliberation and sufficient cause appearing therefore, it is HEREBY ORDERED:

1.      The Motion is granted.

2.      The Chapter 11 Cases are consolidated for procedural purposes only and shall be jointly administered by this Court under Case No. 11-_____(_____).

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

3.      The consolidated caption (the "Caption") for the jointly administered Chapter 11

Cases should read as follows:

UNITED STATES BANKRUPTCY COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| The Merit Group, Inc., *et al.,* | ) | Case No. 11 - _____ |
| | ) | |
| Debtors.[1] | ) | (Joint Administration Requested) |
| | ) | |

4.      The footnote to the Caption should read as follows:

The Debtors and the last four digits of their respective tax identification numbers are: The Merit Group, Inc., f/k/a Lancaster Distributing Company, f/k/a Lancaster Paint Sundries, Inc. (4224); Merit Transportation, Inc. (9048); Merit Paint Sundries, LLC d/b/a Lancaster (8882); Merit Supply Company, LLC d/b/a Merit Supply (5878); Merit Pro Finishing Tools, LLC d/b/a Merit Trade Source (8544); Five Star Products, Inc. (9186); and Five Star Group, Inc., d/b/a Lancaster/Five Star, d/b/a Rightway (3506).

5.      The Court will make an entry on the docket of each of the Chapter 11 Cases, other

than this case, that is substantially similar to the following:

An order has been entered in accordance with Rule 1015(b) directing joint administration of the Chapter 11 Cases of The Merit Group, Inc.  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 11-_____(____).

6.      One consolidated docket and one file shall be maintained by the Debtors and kept

by the Clerk of the United States Bankruptcy Court for the District of South Carolina.

Furthermore, one consolidated service list shall be maintained by the Debtors' claims, noticing

and balloting agent whose retention is authorized by this Court to assist the Debtors in these

Chapter 11 Cases.

---

7.    Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting substantive consolidation of the Debtors' Chapter 11 Cases.

8.    The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9.    All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

10.    The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**AND IT IS SO ORDERED.**